UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RASHAAD HOGAN,

Plaintiff,

v.                                              CAUSE NO. 3:26-CV-312-GSL-AZ

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

Rashaad Hogan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Hogan alleges that, on August 6, 2025, he was charged with committing the disciplinary offense of trafficking on August 3, 2025. On August 21, 2025, a hearing officer found him not guilty of the trafficking offense. Lieutenant Draper and Officer Chambers asked Officer Zaverl to continue investigating the trafficking offense. On September 5, 2025, Officer Zaverl charged Hogan with committing trafficking on August 3, 2025, for the second time. On November 5, 2025, Officer

Chambers found Hogan guilty of the trafficking offense and sanctioned him with the loss of 180 days earned credit time and a demotion in credit class. Hogan asserts that the defendants violated his right to procedural due process due to a lack of an impartial decisionmaker, insufficient evidence, failure to disclose evidence, and inadequate notice of the charges. He also asserts a violation of the Equal Protection Clause because other inmates involved with the trafficking incident received lesser sanctions.

Hogan may not proceed in this case on allegations challenging the fairness of this disciplinary proceeding. His claims necessarily imply the invalidity of a prison disciplinary proceeding that increased the duration of his sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (extending *Heck* to prison disciplinary proceedings). Such claims cannot be brought unless and until the disciplinary proceeding is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). In the complaint, Hogan expressly asks the court to vacate the finding of guilt and the sanctions increasing the duration of his sentence, so it is apparent that the prison disciplinary proceeding has not been formally invalidated. Consequently, the court finds that the complaint fails to state a claim upon which relief may be granted.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad

2

discretion to deny leave to amend a complaint where the amendment would be futile."

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on April 30, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3